IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CRYSTAL FINANCIAL, LLC,        )
                                      )
                                      )
          Plaintiff,        )
                                        )
v.                                 )     Civil Action No. 1:19-cv-01506 (AJT/IDD)
                                        )
ROBERT P. BERNARDI, *et al*.,     )
                                        )
          Defendants.     )
_____ )

## REPORT AND RECOMMENDATION

This MATTER is before the Court on Plaintiff Crystal Financial LLC's ("Crystal" or "Plaintiff") Motion for Entry of Default Judgment against Defendant Robert P. Bernardi ("Bernardi" or "Defendant"), pursuant to Rule 55(b), Fed. R. Civ. P., and Local Rule 7(F)(2)(c). Dkt. No. 37. After the Defendant failed to file an answer or response by January 13, 2020, and failed to appear at the Motion Hearings held on December 7, 2021 and January 14, 2022, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Entry of Default Judgment, supporting documentation, and relevant portions of the underlying record, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED** as to Count I.

## I. INTRODUCTION

On November 27, 2019, Plaintiff filed a Verified Complaint against Defendants Bernardi and Nihat Cardak ("Cardak") seeking to hold them jointly and severally liable for injury caused by claims

of fraud, conspiracy, and conversion. Compl. at 1, 24, Dkt. No. 1. In its Complaint, Plaintiff seeks monetary damages, reasonable attorneys' fees, and compensatory damages for all other fees, costs, forensic accounting fees, and other costs of collection. *Id.* at. 24.

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and cost. Compl. ¶ 5.

This Court has personal jurisdiction over Defendant Bernardi pursuant to Va. Code § 8.01-328.1.A.1   because he regularly transacted and conducted business in the Commonwealth of Virginia. *Id*. ¶ 6. Furthermore, pursuant to Va. Code § 8.01-328.1.A.3, this Court has personal jurisdiction over Bernardi because he allegedly caused tortious injury to Plaintiff by acts or omissions in Virginia. *Id*.

Venue is proper pursuant to 28 U.S.C. § 127(a) and 1391(b)(1) because Defendant resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims also occurred in the district. *Id*. ¶ 7.

## B.  Service of Process

Pursuant to Federal Rule of Civil Procedure 4(d), "a defendant who, before being served with process, timely returns a waiver, need not serve an answer to the complaint until 60 days after the request was sent – or until 90 days after it was sent to the defendant outside any judicial district of the United States." FED. R. CIV. P. 4(d)(3). Here, Bernardi filed a Waiver of Service of Summons on December 17, 2019. Dkt. No. 9. Accordingly, the undersigned finds that service of process is proper in this action.

### C.  Grounds for Default Judgment

Plaintiff filed its Complaint against Defendant Robert Bernardi and Mr. Nihat Cardak on November 27, 2019. Dkt. No. 1. On December 17, 2019, Bernardi filed a Waiver of Service of Summons. *See* Affidavit of Serv. for Summons and Compl. Pursuant to that Waiver, Bernardi's response to the Complaint was due by January 13, 2020. Dkt. No. 9. However, Bernardi failed to file a responsive pleading by the deadline. *Id.* On January 17, 2020, Plaintiff filed a Request for Entry of Default against Bernardi with the Clerk of Court. Dkt. No. 12. On January 22, 2020, the Clerk entered default against Bernardi. Dkt. No. 13. On April 20, 2020, Plaintiff filed its Motion for Default Judgment and accompanying memorandum in support of its Motion. Dkt. Nos. 37-38. In its Motion, Plaintiff requested that judgment be entered in favor of Plaintiff and against Bernardi on Counts I, II, III, IV, V, VII, and IX of the Complaint for $26,378,638.89, including interest on the principal according to the Loan Agreement's stated interest rate through the entry of judgment, in addition to fees, costs, forensic accounting fees, and attorneys' fees.[1] Dkt. No. 38 at 5-6.

On June 16, 2020, the case was transferred to the United States District Court for the District of Delaware for referral to Bankruptcy Court [Dkt. No. 49] and returned to this Court on December 8, 2020 [Dkt. No. 51].

On November 5, 2021, the Honorable District Judge Anthony J. Trenga ordered the Plaintiff to file a notice setting the matter before the undersigned Magistrate Judge and mail copies of the notice, motion, and accompanying memorandum to the defaulting Defendant. Dkt. No. 67. On December 3, 2021, the matter came before the Court, and prior to the hearing, the Court received a letter from Defendant Bernardi, which the Court interpreted as a Motion to Stay the case. Dkt. No.

---

[1] Although Plaintiff seeks an award of forensic accounting fees and attorney's fees and costs, he has not provided any documentation in support of these requests. Therefore, the undersigned declines to recommend granting this request.

69.  The Court scheduled a hearing on the Motion to Stay before the Honorable District Judge Anthony J. Trenga on January 5, 2022 and continued the hearing on Plaintiff's Motion for Default Judgment to January 7, 2022.[2] Dkt. No. 71.

On January 12, 2022, a hearing on the Motion to Stay was held before the Honorable District Judge Anthony J. Trenga. Dkt. No. 75. Defendant Bernardi failed to appear at the hearing and the Court denied the Motion. Dkt. No. 76. In light of the above, and when the defendant failed to appear at the January 14, 2022 hearing on the Motion for Default Judgment, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 77.

## II.  Factual Findings

Upon full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff Crystal Financial, LLC ("Crystal") is a limited liability company organized and existing under the laws of the state of Delaware, with its primary place of business located at Two International Place, Boston, Massachusetts 02110. Compl. ¶ 2. Crystal's sole member, Solar Capital Limited, is a corporation organized under the laws of the state of Maryland, with its principal place of business at 500 Park Avenue, New York, New York 10022.  *Id.* Defendant Bernardi is a citizen of Virginia, and is the former Chief Executive Officer, President, and Secretary of GigaMedia Access Corporation[3] ("Giga"). *Id.* at 3.

### A. The Loan Documents

On or about July 31, 2019, Crystal made a loan to Giga in the amount of $25,000,000.00 (the "Loan") secured by a security interest upon substantially all of Giga's property and assets. *Id.* ¶ 9.

---

[2] The hearing on the Motion to Stay was subsequently continued to January 12, 2022, and the hearing on the Motion for Default Judgment was continued to January 14, 2022. *See* Dkt. No. 74.
[3] The Complaint provides no information regarding the type of entity Giga is or where it is incorporated

4

Pursuant to a Guaranty and Security Agreement dated July 31, 2019, repayment of the loan was unconditionally guaranteed by Giga Holdings. *Id.* ¶ 17. Giga also entered into a letter agreement dated July 31, 2019, whereby Giga agreed to pay a number of nonrefundable fees in consideration of the agreements in the Loan Agreement. *Id.* ¶ 18. To complete the loan application process, Giga provided Crystal with an Omnibus Secretary's Certificate to confirm that Giga and Giga Holdings exist in good standing and are duly authorized to enter into the Loan Agreement and Guaranty Agreement. *Id.* ¶ 19. As of November 20, 2019, the outstanding principal and interest on the Loan was $25,415,444.44, exclusive of an early termination fee of $750,000.00, excluding fees, with per diem interest in the amount of $6,597.22 for each and every day from and after that date. *Id.* ¶ 21.

### B. Giga's Falsified Representations

As part of Crystal's due diligence process, Giga's representatives provided Crystal with bank records and financial statements to support claims regarding Giga's assets and financial viability. *Id.* ¶ 22. Giga also represented that the bank statements were from national money-center banks and were audited by highly reputable, national auditing firms and independent auditors. *Id.* Crystal alleges that it reasonably relied on these records and statements in evaluating Giga's application and ultimately agreeing to make the Loan. *Id.* ¶ 23. Crystal further represented that it would not have made the Loan if it had known that these documents were false, inaccurate, or altered. *Id.*

After Crystal issued the Loan to Giga, it received a grand jury subpoena from the United States Department of Justice seeking information about Crystal's interactions with Giga "in connection with an official criminal investigation of a suspected felony being conducted by a federal grand jury." *Id.* ¶ 24. Upon receipt of this subpoena, Crystal hired StoneTurn Group, LLP, a forensic accounting firm, to perform a formal review of the evidence submitted by Giga to Crystal during the underwriting process. *Id.* ¶ 25. StoneTurn's findings revealed that the bank records and

financial statements provided by Giga contained 64 mathematical errors and typos, that "are consistent with significant indica of fraud" and "have very likely been altered and falsified." *Id.* ¶¶ 26, 28. The findings also revealed significant inconsistencies, where different documents either failed to reconcile with one another or affirmatively contradicted each other. *Id.* ¶ 28. Specifically, the accounting firm noticed that one financial document, purportedly audited by auditing firm Baker Tilly, contained an outdated logo. *Id.* ¶ 29. According to StoneTurn, this is an issue that would not have been present in financial statements that have been subjected to a full audit. *Id.*

### III.   Evaluation of Plaintiff's Complaint

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). Defendants in default concede the factual allegations of the complaint and are barred from contesting them on appeal. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support

6

the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a Plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth enough factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

Plaintiff asserted ten claims in this Complaint against the Defendants. Because Plaintiff seeks to recover the same relief on all of the claims, it is not necessary to address all of them. The following recommendation is therefore limited to the fraud claim because it is the central allegation in this matter, and the facts alleged support a finding of liability. Additionally, Count III for common law conspiracy, Count IV for statutory business conspiracy, Count VI for statutory fraudulent transfer, Count VIII for statutory voidable voluntary transfer, and Count X for statutory pretrial levy or seizure of attachment are claims that involve former Defendant Nihat Cardak. On November 2, 2021, Plaintiff voluntarily dismissed all of its claims against Mr. Cardak, without prejudice. *See* Dkt. Nos. 63, 65. In that regard, the undersigned will refrain from addressing Counts III, IV, VI, and VIII as Mr. Cardak is no longer a party to this action and Plaintiff's Motion for Default Judgment only seeks judgment against Bernardi.[3] Dkt. No. 38 at 5-6.

---

[3] In that regard, in order to avoid the possibility of inconsistent rulings if the case is reopened as to Mr. Cardak, the undersigned refrains from addressing said Counts. *See Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872)(holding that default judgment could not be entered against the defaulted defendant without addressing co-defendants with identical issues).

**Count I: Fraud**

Plaintiff alleges that Defendant Bernardi fraudulently induced it into lending Giga and Giga Holdings funds in excess of $25,000,000.00. *See* Pl.'s Mot. For Default J. at 5, Dkt. No. 38. To establish a prima facie case for fraud, Plaintiff must demonstrate that the Defendant: (1) falsely represented or concealed a material fact; (2) that was reasonably calculated to deceive; (3) had the intent to deceive; and (4) the deception resulted in the Plaintiff's injury or detrimental reliance." *See Feeley v. Total Realty Management*, 660 F. Supp. 2d 700, 712 (E.D. Va. 2009).

Here, the undersigned finds that Plaintiff has sufficiently established that Defendant Bernardi committed fraud for the following reasons. First, Bernardi falsely represented and concealed material facts regarding Giga's assets, financial viability, and financial circumstances. This includes statements related to Giga's financial performance and profitability, which were critical to Crystal's underwriting process. Compl. ¶ 52. An internal forensic review of Giga's financial documents and statements conducted by StoneTurn revealed numerous discrepancies, signs of alterations, and inconsistencies, all of which are consistent with indicia of fraud. Dkt. No. 1-6 ¶ 7.

Second, the Defendant's actions were reasonably calculated to deceive. Bernardi made false statements and emailed to Plaintiff forged documents related to Giga's financial viability in order to convince Crystal that Giga's finances were stronger than they really were. Compl. ¶¶ 52-53. The obvious purpose of the representations was to secure a loan from Crystal and the above referenced actions actually resulted in Plaintiff acquiring a false sense of security that prompted it to make the $25 million loan without reservation.

Third, e-mails maintained on Giga's company server between Bernardi and Cardak reflected a clear intention to deceive Plaintiff and induce it into extending to Giga a $25 million loan. In that regard, Huron, an independent third-party forensic accounting firm, discovered e-mails that

indicated a plan to provide Crystal with false or doctored financial documents knowing those records were false and that Crystal would rely on these documents in its underwriting process. Compl. ¶ 46.

Finally, Plaintiff would not have loaned Giga the $25 million if Defendant Bernardi was honest about Giga's financial circumstances. Compl. ¶ 56. As a direct result of Defendant's misrepresentations, Plaintiff determined that Giga qualified for the loan, a decision that was to its detriment. *Id.* Therefore, the facts support a finding of fraud against Bernardi, and the undersigned Magistrate Judge finds that the Plaintiff is entitled to relief in the sum certain of $26,378,638.89 plus interest through the entry of judgment. Pl.'s Mot. For Default J. at 5.

## IV.    Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment as to Count I in favor of Plaintiff and against Defendant Robert Bernardi for fraud. In sum, Plaintiff is entitled to damages in the total amount of $26,378,638.89 including interest through the entry of judgment.

## V.    Notice

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record

and to Defendant Bernardi at: Mr. Robert P. Bernardi, 1210 Suffield Drive, McLean, Virginia 22101.

April 29, 2022
Alexandria, Virginia

/s/ Ivan D. Davis
_____
Ivan D. Davis
United States Magistrate Judge

10